IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALOYSIUS THADDEUS HENRY,      )
                                      )
         Petitioner,        )
                                      )
    v.                       )     CIVIL ACTION NO. 2:05-CV-316-F
                                      )     [WO]
                                      )
D. T. MARSHALL, et al.,        )
                                      )
         Respondents.      )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Aloysius Thaddeus Henry ["Henry"] on April 7, 2005.  In this petition, Henry challenges a criminal charge of first degree robbery pending against him before the Circuit Court of Montgomery County, Alabama.[1]

Upon review of the petition, the court concludes that the instant habeas corpus action should be dismissed as Henry's claims arising from the preliminary hearing provide no basis for federal habeas relief and any challenges to the constitutionality of his confinement on a pending criminal charge have not been exhausted through available state  remedies.

---

[1]The petitioner is presently incarcerated in the Montgomery County Detention Facility awaiting trial for first degree robbery pursuant to an indictment issued against him in March of 2005.  *See Respondents' Exhibit A* ("Aloysius Henry . . . did, in the course of committing a theft of lawful currency and/or coinage of the United States of America, . . . use force against the person of the owner or any person present, Michael Whaley, with intent to overcome his physical resistance or physical power of resistance, or threaten the imminent use of force against the person of the owner or any person present, Michael Whaley, with the intent to compel acquiescence to the taking of or escaping with the property, while the said Aloysius Henry . . . was armed with a deadly weapon or dangerous instrument, a knife, . . . in violation of section 13A-8-41 of the Code of Alabama . . .").

Specifically, the petitioner may present claims attacking the validity of the robbery charge to the state court before which his criminal case is now pending and/or on appeal of any rulings issued by such court.

**DISCUSSION**

1. <u>The Preliminary Hearing Claims</u>.  Henry asserts that the District Court of Montgomery County failed to conduct the preliminary hearing within the time required by state law.  He further complains that the court did not permit him to cross-examine the witnesses testifying against him nor allow him to present a defense at this hearing.  These claims entitle the petitioner to no relief in this cause of action as there is no federal constitutional right to a preliminary hearing.  *See Lem Woon v. Oregon*, 229 U.S. 586 (1913); *Harris v. Estelle*, 487 F.2d 1293, 1296 (5th Cir. 1973); *Buchannon v. Wainwright*, 474 F.2d 1006, 1007 (5th Cir. 1973).

Moreover, Henry's allegations with respect to errors related to the preliminary hearing are not appropriate for purposes of this § 2254 action.  The function of a preliminary hearing "is the . . . limited one of determining whether probable cause exists to hold the accused for trial."  *Mancusi v. Stubbs*, 408 U.S. 204, 210 (1972); *see also United States v. Brown*, 305 F.Supp. 299, 304 (D.C. Ga. 1969) ("The purpose of the preliminary hearing is to determine whether or not there is probable cause to hold an accuse person for grand jury presentment and an indictment moots that question.").

In this case, a Montgomery County grand jury indicted Henry for first degree robbery. *See Respondents' Exhibit A*. The indictment establishes that sufficient probable cause exists to hold Henry for trial. The court therefore concludes that Henry is not entitled to relief with respect to his claims attacking the constitutionality of the preliminary hearing.

2. <u>Challenges to Confinement</u>. Henry asserts claims which challenge the validity of his confinement on a pending criminal charge. A petition for writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the [state] courts . . ." 28 U.S.C. § 2254(1)(b)(1)(A). It is clear from the petition that Henry has not yet exhausted his available state court remedies with respect to those claims challenging the constitutionality of his confinement.

This court does not deem it appropriate to rule on the merits of these claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief with respect to claims arising from petitioner's confinement on the robbery charge be dismissed without prejudice so that the petitioner can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The petitioner's challenges to actions related to his preliminary hearing be dismissed with prejudice.

2.   The petitioner's claims related to the constitutionality of the criminal charge pending against him and his resulting confinement be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

3.   The petition for writ of habeas corpus relief be denied.

It is further

ORDERED that on or before June 1, 2005 the parties shall file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

4

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of May, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE